# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKLIN WADE DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00257 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SHERIE MASON,** | ) | Judge James P. Jones |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Franklin Wade Davis, Pro Se Plaintiff.*

The plaintiff, Franklin Wade Davis, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendant, Sherie Mason, a Commonwealth's Attorney, failed to ensure that he received a fair trial. I conclude that the § 1983 action must be summarily dismissed.

Davis complains that he notified Mason of his defense counsel's failure to file motions, allegedly "to through [sic] his case." Compl. 2, ECF No. 1. He asserts that police officers violated his constitutional rights during his arrest, but his attorney did not file a motion to suppress, as Davis requested. His attorney allegedly made no effort to negotiate a plea to a lesser charge and provided him fake documents related to the arrests and charges. Mason took no action to assist Davis with these problems. Davis also alleges that the prosecutor and defense counsel coerced him into signing

a bogus plea agreement on a more serious charge, while lesser charges were dismissed. He claims that Mason and his defense attorney knew he was not guilty, but because of his unspecified race, they allowed him to plead guilty and be incarcerated. According to the Complaint and state court records available online, on June 6, 2023, the Circuit Court for the City of Roanoke sentenced Davis to serve five years plus probation. As relief, he is seeking to be exonerated and compensated for the trauma these events caused him.

Davis has not prepaid the necessary filing costs to proceed with a civil rights action, so he is apparently requesting in forma pauperis status under 28 U.S.C. § 1915(g), which allows qualifying inmates to pay the filing fee through installments from their inmate trust accounts. After review of Davis's pleadings, I conclude that he does not qualify to do so because of his prior frivolous filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Davis has brought such actions on three or more prior occasions, including *Davis v. Roanoke City Jail*, 7:22CV00611 (W.D. Va. Nov. 23, 2022) (dimissed under § 1997e(c)(1) for failure to state a claim); *Davis v. Roanoke Public Defenders*, 7:22CV00678 (W.D. Va. Feb. 8, 2023) (dismissed under § 1915A for failure to state claim); *Davis v. Roanoke City Police Dep't*, 7:22CV00679 (W.D. Va. Feb. 8, 2023) (dismissed under § 1915A for failure to state claim). Accordingly, Davis may not proceed without prepayment of the filing fee unless he has shown that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s three strikes rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Thus, this "imminent danger" exception "allows a three-strikes litigant to proceed [without prepayment of the filing costs] only when there exists an adequate nexus between

the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Davis's claims concern past occurrences related to the legal proceedings that led to his incarceration. He does not state facts showing that the alleged actions or inactions of the defendant prosecutor are imminently likely to cause him any physical harm or injury. His complaints about legal proceedings cannot suffice to show that he was in imminent danger of serious physical injury for purposes of the § 1915(g) exception related to the defendant's conduct when he filed his current lawsuit in May 2023.

For the stated reasons, I cannot find that Davis is eligible to proceed under the § 1915(g) exception without prepayment of filing costs. Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: July 5, 2023

/s/ JAMES P. JONES
Senior United States District Judge